UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

KC LEE LIVENSPARGER and CHERYL          Case No. DK 12-10361
SUE LIVENSPARGER,                        Chapter 7
                                         Hon. Scott W. Dales
              Debtors.
_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:     HONORABLE SCOTT W. DALES
             Chief United States Bankruptcy Judge

Chapter 7 debtors KC Lee and Cheryl Sue Livensparger (the "Debtors") were involved in a prepetition car accident with Patrick and Cynthia Armstrong (the "Creditors"). Well before any accident-related litigation began, the Debtors filed a voluntary petition under chapter 7, listed the Creditors on Schedule F as having a claim for "[a]t fault auto accident injuries" in an unliquidated amount, and obtained their chapter 7 discharge (the "Discharge," DN 45). The chapter 7 trustee determined that she could make no distribution to creditors in this "no asset" case (DN 53), and the court closed the case on February 25, 2014.

Approximately three months after the court closed the case, and despite the entry of the Discharge, the Creditors filed a complaint against the Debtors and the Creditors' own insurance company in the 39th Circuit Court for the County of Lenawee, Michigan, commencing Case No. 14-5080-NI (the "State Court Litigation"). From all that appears in the record, the Creditors commenced the State Court Litigation not to fashion personal liability on the Debtors on account of the accident, but instead to tap the proceeds of the Debtors' insurance policy with GEICO, up to policy limits, as well as the underinsured motorist coverage that might be available from the Creditors' insurance carrier, the Home-Owners Insurance Company ("Home-Owners").[1] In other words, the Creditors named the Debtors as "nominal defendants" in the State Court

_____

[1] GEICO is not a defendant in the State Court Litigation, but is providing the Debtors with a defense and may be required to pay any judgment, up to policy limits, depending on the decision of the Lenawee County Circuit Court.

Litigation, as they explain in the Amended Stipulation filed in this proceeding on March 4, 2015 (the "Stipulation," DN 55).

In the State Court Litigation, however, the defendants (including the Debtors) have moved to dismiss the Creditors' claims as barred by the Discharge, at least to the extent the Creditors' complaint might be read as seeking to recover their claims as a personal obligation of the Debtors. Their Motion for Summary Disposition, filed in Lenawee County on or about January 22, 2015, evidently prompted the parties to enter into the Stipulation in an effort to clarify the effect of the Discharge on the State Court Litigation and avoid confusion in that proceeding.

In general, confusion about the bankruptcy discharge is not uncommon, given the clumsy way we sometimes talk about it, and the various ways the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure address it. For example, the Code and the Rules sometimes speak in terms of *discharging the debtor*. *See, e.g.*, 11 U.S.C. §§ 523(a) ("discharge . . . does not discharge an individual debtor" from specified debts), 727(b) (the discharge "discharges the debtor from all debts"), and 1141(d)(1)(A) (same). Other federal sources suggest that the discharge operates not on the debtor, but on the debt itself, indicating, for example, that debts are "dischargeable." *See, e.g.*, 11 U.S.C. § 524(c) (referring to *debts* that are dischargeable) and 524(e) (referring to the discharge "of a debt"); *see also* Fed. R. Bankr. P. 4007(a) (referring to the "dischargeability of any debt"). What's more, laypeople, lawyers and judges alike sometimes say, loosely, that the discharge "extinguishes" or "wipes out" the debt or the claim, or even that a "case" is "discharged."

So, when the Debtors and Home-Owners, relying on the Debtors' Discharge, filed a motion to dismiss the State Court Litigation -- litigation clearly aimed at reaching the proceeds of the GEICO insurance policy -- the parties understandably took steps to clarify the situation, in part by drafting and presenting the Stipulation for the bankruptcy court's approval.

When the court initially reviewed the Stipulation, it had several concerns. At first, the Stipulation seemed somewhat collusive, designed (ultimately) to build a case against the Debtors' carrier, GEICO, who was not a formal party to the State Court Litigation or to the Stipulation, but who nevertheless might ultimately be called upon to pay any judgment against the Debtors if the State Court Litigation is not dismissed. The court was also concerned that, given the amicable nature of the Stipulation, there might not be a case and controversy upon

which the federal judicial power could act.  Advisory opinions, after all, are anathema to the federal courts.

Accordingly, the court scheduled a telephone hearing to consider the Stipulation, which took place on April 12, 2015.  Counsel for the Debtors, the Creditors, and Home-Owners all participated in an effort to explain the Stipulation and the bankruptcy court's possible role in the matter.  The court has carefully considered the arguments and is willing to approve the Stipulation to the extent provided herein.

First, the court is persuaded that there is a live controversy among the parties.  The Debtors have moved for dismissal of the Creditors' claims in Lenawee County, an action the Creditors most certainly oppose.  Home-Owners, for its part, would favor dismissal if that would protect its coffers from being tapped to pay an underinsured motorist claim made by its insureds (the Creditors).  Given these circumstances, the court should not mistake the professionalism and cooperation among counsel that was evident during the hearing (and in the Stipulation), as collusion or resolution of what remains, at its heart, a dispute between the plaintiffs and the defendants in the State Court Litigation.

Nor does the court regard its task as rendering an advisory opinion.  Instead, the parties understandably disagree as to the effect of the Discharge on the State Court Litigation.  Counsel for Home-Owners, for example, suggested that the court should recognize an exception to the Debtors' Discharge to the extent of available insurance proceeds, noting the very common practice of granting relief from the automatic stay to permit prosecution of similar claims, pre-discharge, against debtors as nominal defendants.  The Debtors almost certainly deny the existence of any such exception and, for its part, the court rejects Home-Owners's argument, finding no such exception among the exclusive (and narrowly construed) exceptions to discharge in § 523(a).

The court concludes that the Creditors wish, in part, to avoid any suggestion that they are proceeding in contempt of the statutory discharge injunction, or the court's exclusive authority over estate property, especially now that the Debtors have asserted the Discharge in the State Court Litigation, or any suggestion that the Debtors' bankruptcy ties the hands of the judge in Lenawaee County.  The concern is real, based on a natural reading of the Bankruptcy Code's discharge provisions.  *See, e.g.,* 11 U.S.C. § 524(a)(2) (bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process,

or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . .”). Moreover, civil sanctions for contempt of the discharge injunction are real, so a ruling on the issue is not, in the court's view, advisory.  By seeking approval of the Stipulation, the Creditors are asking the court to grant declaratory relief to the effect that the Discharge itself does not enjoin the State Court Litigation, and that their commencement and continued prosecution is not contemptuous.  They seek approval of the Stipulation on the theory that it is generally better to ask for permission, rather than forgiveness, at least where a court's contempt power may come into play.[2]

With this understanding, the court has determined to enter this Memorandum of Decision and Order for the purpose of declaring that it does not regard the prosecution of the State Court Litigation as a contempt of the discharge injunction.  In reaching this decision, the court relies on § 524(e),  as well as ample authority from within our Circuit that supports the practice of naming debtors as nominal defendants in tort litigation in which insurance proceeds may be available. *See, e.g., Mauriello v. Great American E and S Ins. Co.*, 554 Fed. Appx. 382  (6th Cir. 2014) (unpublished) (citing cases and observing that it is "'well settled' that a tort victim may sue a debtor as a nominal defendant after the debtor is discharged from bankruptcy, as long as the suit is purposed solely to establish the debtor's liability in order to effect recovery from an insurer").[3] The practice of naming discharged debtors as nominal defendants may be "well settled," but as noted above, this area of the law is confusing.  Why would the courts permit litigation against discharged debtors, or involving discharged debts, if the defendant-debtors' liability is extinguished?

---

[2] In general, a request for declaratory relief concerning the discharge must take the form of an adversary proceeding, Fed. R. Bankr. P. 7001(9), but the court sees no reason, where the parties have proceeded by motion, to stand on ceremony and burden them with the expense and delays associated with an adversary proceeding.  *See In re DeGroot*, 460 B.R. 159, 162 (Bankr. W.D. Mich. 2011) (rendering decision in contested matter on issues ordinarily requiring adversary proceeding because parties "agreed to waive the formalities associated with filing an adversary proceeding under Part VII of the Federal Rules of Bankruptcy Procedure"); *cf. Tully Constr. Co. v. Cannonsburg Environmental Associates, Ltd.  (In re Cannonsburg Environmental Associates, Ltd.),* 72 F.3d 1260, 1265 (6th Cir. 1996) (request for declaratory relief requires adversary proceeding, but failure to conduct formal adversary proceeding was harmless error).

[3] While considering the Debtors' summary disposition motion, the Lenawee County Circuit Court may reach the same conclusion as a matter of Michigan's insurance and tort law.  *Cf., Williams v. Grossman*, 293 N.W.2d 315 (Mich. 1980) (construing M.C.L. § 500.3006 and noting that even though defendant-decedent was insolvent or bankrupt, his insurer must nevertheless defend action and pay if judgment is rendered for plaintiff).  The court expresses no opinion on the subject.

Although the Supreme Court has used the word "extinguish" in discussing the effect of a discharge,[4] a careful reading confirms that what a discharge extinguishes is not the creditor's *claim*, but the Debtor's "personal liability" on the claim -- the Code's definition of a "debt." *See* 11 U.S.C. § 101(12) (defining "debt" as "liability on a claim"). The words "claim" and "debt" may be "co-extensive," *Johnson,* 501 U.S. at 84, but neither the high court (in *Johnson*) nor the Code (in the various discharge provisions) speaks in terms of discharging "claims," only "debtors" and "debts." In other words, the claim may survive the discharge to some extent, but the debt —the "liability on a claim"— does not.

In the end, regardless of whether we talk about discharging the debtor or the debt or even the claim, the ambiguity is largely academic because the Code unequivocally addresses the effect of a discharge in § 524. More specifically, there are only two things that a discharge actually does: it voids judgments and it enjoins collection of claims as a personal obligation of the debtor. *See* 11 U.S.C. § 524(a). It certainly does not "extinguish" a claim; rather, as the Supreme Court has explained, a discharge simply eliminates one mode of enforcing a right to payment. *Johnson,* 501 U.S. at 84 ("a bankruptcy discharge extinguishes only one mode of enforcing a claim -- namely, an action against the debtor *in personam* -- while leaving intact another -- namely, an action against the debtor *in rem*"). The Code itself reinforces this conclusion by declaring (with exceptions not relevant here) that a "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." *See* 11 U.S.C. § 524(e).

The long and short of this discussion is that the Discharge did not extinguish the Creditors' claim or affect their state law rights, if any, to pursue GEICO or Home-Owners. Whether the Creditors are successful before the Lenawee County Circuit Court in defeating the Debtors' summary disposition motion, or ultimately recovering against the insurance companies, are matters for that court, based on state law and the parties' insurance policies. *See*, *e.g.,* M.C.L. § 500.3006 (liability policies in Michigan shall include "a provision that the insolvency or bankruptcy of the person insured shall not release the insurer from the payment of damages for injury sustained or loss occasioned during the life of such policy").

For now, it is enough to declare that the Discharge does not bar the Creditors from pursuing this course of action, as long as they do not seek to recover their claim as a personal

---

[4] *Johnson v. Home State Bank*, 501 U.S. 78, 85 n.5 (1991).

obligation of the Debtors. To this extent, the court will approve the Stipulation. Finally, as a housekeeping matter, the court will direct the Clerk to close this bankruptcy case, again, after an appropriate amount of time to accommodate appeals or post-decision motion practice.

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED that, so long as the Creditors do not seek to recover their tort claims as a personal obligation of the Debtors, the naming of the Debtors as nominal defendants in the State Court Litigation does not offend the discharge injunction, and the Stipulation is APPROVED to that extent.

IT IS FURTHER ORDERED that the Clerk shall close the Debtors' bankruptcy case on or after June 1, 2015, without further order, provided that (before that date) no interested party files a notice of appeal, motion seeking relief from today's Memorandum of Decision and Order, or other motion seeking to keep the case open for cause shown.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Eldon J. Vincent, Esq., Dianne S. Ruhlandt, Esq., George E. Potter, Esq., the firm of Garan Lucow Miller P.C., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

Dated April 17, 2015



Scott W. Dales
United States Bankruptcy Judge